

# IN THE
# TENTH COURT OF APPEALS

————————————

## No. 10-15-00343-CR

**MOHAMMAD JON KHAIRANDISH,**

                                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                        **Appellee**

————————————

**From the County Court at Law No. 1
Brazos County, Texas
Trial Court No. 14-03694-CRM-CCL1**

---

## MEMORANDUM OPINION

---

Mohammad Jon Khairandish was convicted of driving while intoxicated and sentenced to 60 days in jail with a $1,000 fine. *See* TEX. PENAL CODE ANN. § 49.04 (West 2011). Because the trial court did not err in overruling Khairandish's chain of custody objection, the trial court's judgment is affirmed.

When arrested for driving while intoxicated, Khairandish refused to give a breath or blood specimen. A warrant was issued, and Khairandish's blood was drawn. In his sole issue on appeal, Khairandish complains that the trial court improperly admitted the

blood draw kit evidence when the chain of custody was not properly established. Specifically, Khairandish contends the State did not establish a chain of custody of the kit, which contained a tube of Khairandish's blood, because the officer who deposited the kit in the evidence drop box did not verify his identifying mark on the kit and did not testify that he retrieved the kit prior to trial; the evidence technician did not testify as to when he drove the kit to DPS for testing; and there was no testimony as to when the DPS lab received the kit.

Absent evidence of tampering, issues regarding the chain of custody bear on the weight, rather than on the admissibility, of evidence. *Davis v. State*, 313 S.W.3d 317, 348 (Tex. Crim. App. 2010); *Lagrone v. State*, 942 S.W.2d 602, 617 (Tex. Crim. App. 1997). There was no evidence and no suggestion of tampering with this evidence. Thus, chain of custody had no bearing on the admissibility of the kit, and Khairandish's objection to the kit's chain of custody was properly overruled.

Khairandish's sole issue is overruled, and the trial court's judgment is affirmed.


TOM GRAY
Chief Justice


Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed July 20, 2016
Do not publish
[CR25]

